UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80761-CV-MIDDLEBROOKS

NITZACHON 1, LLC,

    Plaintiff,

v.

WESTERN WORLD INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR EXTENSION OF TIME AND TO COMPEL PRODUCTION

THIS CAUSE comes before the Court on the Defendant's Motion for Extension of Time and Motion to Compel ("Motion"), filed on September 1, 2021. (DE 21). The Motion is fully briefed. (DE 23, DE 24). For the reasons set forth below, the Motion is granted in part.

On March 19, 2021, Plaintiff initiated this insurance action for alleged breach of contract and statutory bad faith. (DE at 1). Defendant removed this action to this Court on April 26, 2021. (*Id.*) The Parties agreed to exchange Initial Disclosures on June 21, 2021. (DE 11 at 2). The Pretrial Scheduling Order set the dates for expert disclosures as August 9, 2021 for the Plaintiff and September 7, 2021 for the Defendant. (DE 7 at 5).

Defendant now seeks a 30-day extension of its expert disclosure deadline because, as of the filing of this Motion, it allegedly had not received (1) the expert report or summary pertaining to one of Plaintiff's experts, Robert Flemming, and (2) "requested documents from Plaintiff that are identified in Plaintiff's Initial Disclosures and are critical to [Defendant's] ability" to retain experts and for those experts to evaluate Plaintiff's claims. (DE 21 at 2–3). Defendant also seeks

an order compelling Plaintiff to produce "all documents listed in its Initial Disclosures" and expert reports and summaries for Plaintiff's two experts. (*Id.* at 4). I expedited briefing and Plaintiff filed a response on September 7, 2021. (DE 23). Defendant filed a reply on September 8, 2021. (DE 24).

Rule 16 of the Federal Rules of Civil Procedure requires the Court to issue an order setting forth the schedule upon which the case will proceed. Fed. R. Civ. P. 16(b). This schedule will be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). "If a party was not diligent, the good cause inquiry should end." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992)).

The Parties' briefing lacks clarity. They seem to be providing entirely contradictory information as to what was disclosed and when. Plaintiff states that it "provided complete copies of reports and summaries for . . . Mr. Robert Flemming" on September 1, 2021. (DE 23 at 2). Defendant states that as of the filing of its September 7, 2021 Reply, it had "not received a summary or report providing the opinions of Plaintiff's expert, Robert Flemming." (DE 24 at 2). I will not endeavor to determine who is right. Instead, I will direct Plaintiff's counsel to send (or re-send) Defendant's counsel *all reports and summaries* for its experts within 24 hours of the docketing of this Order. Thereafter, if Defendant has substantive criticisms about the nature of Plaintiff's disclosure and/or arguments in support of a finding that Plaintiff's disclosure was or is somehow deficient, Defendant may file an appropriate motion.

With respect to Defendant's request for Plaintiff to provide documents that Plaintiff listed in its Initial Disclosures, Defendant has failed to establish what documents it needs and/or how the

documents it did receive are deficient. Defendant describes the documents it seeks as "the materials Plaintiff identified in its disclosures" and "underlying documents identified in Plaintiff's initial disclosures that would assist [Defendant] in analyzing [Plaintiff's expert's] opinion . . . ." (DE 21 at 3). Plaintiff states that all outstanding documents were produced on September 1, 2021. (DE 23 at 2). In its Reply, Defendant maintains that "several items are still either completely missing or incomplete," attaching a 188-page deposition missing a few pages and an allegedly incomplete report. (DE 24 at 2; Exhibit A).

The Parties' briefing fails to adequately apprise the court of what documents are at issue. This makes it exceedingly difficult to reach any sort of informed decision about how to rule on this dispute. It is Defendant's motion and therefore Defendant's burden to establish that an order compelling production from Plaintiff is necessary. The briefing is replete with generalizations that fail to frame the precise issue and fail to clearly explain the nature and relevance of the information Defendant now seeks to compel. Accordingly, Defendant's motion to compel "all documents listed in [Plaintiff's] Initial Disclosures" is denied.

I also question Defendant's diligence. I note that Defendant attributes the need for an extension of time to disclose its expert summaries to alleged production deficiencies in Plaintiff's initial disclosures, due June 21, 2021, and deficiencies in Plaintiff's expert witness disclosures, due August 9, 2021. The Parties do not agree on which date Defendant first raised these deficiencies. (*See* DE 23 at 1; DE 24 at 1). Regardless, Defendant filed this Motion ten weeks after the initial disclosure deadline and three weeks after Plaintiff's expert disclosure deadline. Despite its awareness of these perceived deficiencies long before it filed this Motion, Defendant did not seek judicial intervention until a week before its expert disclosure deadline. On this record, it does not appear to me that Defendant acted diligently. Therefore, the requested 30-day extension of

Defendant's expert disclosure deadline is not warranted. However, since Plaintiff does not oppose a shorter extension (DE 23 at 2), and in the interest of expediency, I find good cause to grant Defendant relief in part. Accordingly, Defendant's deadline to disclose experts shall be extended by 15 days.

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Extend Defendant Expert Disclosure Deadline and to Compel Production of Documents [DE 21] is **GRANTED IN PART.**

2. Plaintiff **SHALL SEND** its reports and summaries pertaining to its experts to defense counsel within 24 hours of the docketing of this Order.

3. Defendant shall produce its expert disclosures by **SEPTEMBER 22, 2021.**

4. Defendant's request for production of documents listed in Plaintiff's initial disclosures is denied. However I encourage the Parties to meaningfully confer with each other in an effort to reach agreement regarding this issue.

**SIGNED** in Chambers at West Palm Beach, Florida, this 14th day of September, 2021.

Donald M. Middlebrooks
United States District Judge

cc: All Counsel of Record